## ALFRED D. HARRIS v. KYLE McCLUNG

(Filed Feb. 8, 1901.)

MANDATORY INJUNCTION, WILL NOT LIE, WHEN—*Public Land, Contest in Land Department.* An action of mandatory injunction cannot be maintained by one to dispossess an adverse claimant for a tract of land on which both are residing, and for which each is contest-ing in the land department, on the ground of prior settlement, when the plaintiff has at the time 80 acres of such land in h s uninterrupted possession. Under such circumstances, he must wait until the case is finally closed in the land department, and even then, if successful, he must bring an action at law, where the defendant can have a trial by jury.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bay-ard T. Hainer, District Judge.*

*Ransom & Bailey* and *J. H. King*, for plaintiff in error.

*Morgan & Pancoast*, for defendant in error.

Opinion of the court by

BURWELL, J.: This is an action of mandatory injunc-tion commenced by Kyle McClung against Alfred D. Harris, to dispossess the defendant of 80 acres of the northeast quarter of sec. 30, township 26 north, range 1 E. I. M., in Kay county. One Walter Fisher made a home-stead filing at the time the land was opened up to settle-ment, and plaintiff and defendant each filed a contest against the other, as well as against the entryman, on the ground of prior settlement. Fisher relinquished his filing back to the government, leaving the plaintiff and defendant to contest for the land. A hearing was had

before the local land office; an appeal was taken to the commissioner of the general land office, and from there to the secretary of the interior, and McClung was awarded the land by each tribunal. A motion for review was filed by Harris, and overruled by the secretary. Whereupon McClung commence this action, and the court granted a temporary injunction, awarding him a part of the land then in the possession of Harris. After this order was made by the trial court, Harris was granted a rehearing by the secretary of the interior. On October 21, 1898, the trial court, both parties being present, modified the first order made, by confining Harris to one acre of land. In other words, the trial court, in the two orders, took from Harris 79 acres of land and gave it to McClung prior to the time that the case was closed by the secretary of the interior.

In the case of *Black v. Jackson*, 177 U. S. 349, a case which was appealed from the supreme court of this Territory to the supreme court of the United States, the rule is announced that mandatory injunction will not lie by one contestant after he has been awarded the land by the secretary of the interior, and who is in possession of a sufficient portion of the land on which he can maintain his residence and comply with the law as to improvements, to remove the other claimants from the same; and under that authority this case must be reversed.

The plaintiff had possession of 80 acres of the land at the time he began this action; therefore he will be required to bring his suit in a court of law where the defendant can have a trial by jury. We deem it fair to the trial judge to say that, in making the orders appealed from he followed the former decisions of this court, but

as the supreme court of the United States has spoken upon this subject we are bound by its conclusions. We, therefore, hold that mandatory injunction cannot be maintained by one who is in possession of a sufficient portion of a tract of land on which he can reside and comply with the homestead law as to residence and improvements, either during the pendency of the contest or after it has finally terminated in his favor, to remove an unsuccessful contestant or entryman (the issue involved in the contest being prior settlement) from the remainder of such land.

The orders made by the trial court, taking from the defendant 79 acres of the land in controversy, are hereby reversed, vacated and set aside at the cost of the appellee, and each of the parties restored to the possession of the land occupied by him at the commencement of this action, and this case is remanded with direction that the district court dismiss the same at the cost of McClung, without prejudice to the respective rights of the parties in an action at law.

The rule announced in the former decisions of this court upon the subject of mandatory injunction is hereby modified to conform with the views herein expressed.

Hainer, J., having presided in the court below, not sitting; all of the other Justices concurring.