Argued October 3; reversed October 10, 1939

NENDEL *v.* MEYERS ET AL.

(94 P. (2d) 680)

In Banc.

*William H. Morrison* and *Donald K. Grant,* both of Portland (Maguire, Shields & Morrison and Donald K. Grant, all of Portland, on the brief), for appellant.

*James M. Green* and *John B. Ebinger,* both of Klamath Falls, for respondent.

BELT, J.  This is an action to recover damages for personal injuries sustained in an automobile collision.

A verdict was rendered in favor of plaintiff and against the defendant George Meyers in the sum of $3,395.57, but not against the defendant H. R. Layton. A judgment in conformity with such verdict was duly entered on August 9, 1938.  On August 18, 1938, the plaintiff filed a motion for a new trial, based on certain alleged errors of law.  The motion for new trial was heard and determined on October 8, 1938, but the order was not entered until October 11, 1938.  The term of court ended on October 2, 1938.  From the order granting a new trial, the defendant H. R. Layton appeals.

Appellant asserts that the order setting aside the judgment and granting a new trial is void for the reason that it was made after the expiration of the time prescribed by statute.

Section 2-803, Oregon Code 1930, as amended by chapter 233, Laws of Oregon for 1933 (§ 2-803, Oregon Code Supplement 1935) provides:

"A motion to set aside a judgment and for a new trial, with the affidavits, if any, in support thereof, shall be filed within ten [10] days after the filing of the judgment sought to be set aside, or such further time as the court may allow. When the adverse party is entitled to oppose the motion by counter-affidavits, he shall file the same within ten [10] days after the filing of the motion, or such further time as the court may allow. The motion shall be heard and determined by the court within fifty-five [55] days from the time of the entry of judgment, and not thereafter, and if not so heard and determined within said time, the said motion shall conclusively be taken and deemed as denied."

■■ The mandatory language of the above section is plain and unambiguous. As stated by this court in *Boyles v. O. W. R. & N. Co.,* 153 Or. 70, 55 P. (2d) 20, wherein the same section was under consideration, "The statute means what it says." It is only by virtue of the statute that a party litigant had the right to move for a new trial. Certainly it is within the province of the legislature to prescribe the procedure for the hearing and determination of such motions. That the statute is not unconstitutional, see *Lancel v. Postlethwaite,* 172 Cal. 326, 156 P. 489.

■ The record discloses that the motion was heard and determined more than 55 days after the entry of the judgment. Hence, the order is null and void. The court had no jurisdiction over the matter. Since the court failed to act within the time fixed by statute, the motion was conclusively deemed to have been denied. It remains only to reinstate the judgment.

■ No doubt this statute was enacted to expedite court business. It is common knowledge that the practice once prevailed among some judges to keep motions for new trial under advisement for an unreasonable length of time. The legislature, with good reason, has seen fit to stop such practice. In so doing, the legislature has not encroached upon the power of the judiciary. It has only, in the interest of the proper administration of justice, put a reasonable limitation upon the exercise of the power of courts in granting new trials.

In other jurisdictions, similar statutes have been under consideration and it has been universally held that courts have no power to allow a motion for new trial after the expiration of the prescribed time: *Kraft v. Lampton,* 13 Cal. App. (2d) 596, 57 P. (2d) 171; *Willis v. Superior Court,* 214 Cal. 603, 7 P. (2d) 303; *Voinich v. Poe,* 52 Cal. App. 597, 199 P. 74; *State ex rel. Sinko v. Dist. Court,* 64 Mont. 181, 208 P. 952.

It is argued that the court *sua sponte* set the judgment aside and granted a new trial and that it had the inherent power so to do. The record, however, conclusively refutes the contention that the court acted on its own motion. Furthermore, even if the court had acted on its own motion we direct attention to section 2, chapter 233, Laws of Oregon for 1933 (§ 2-807, Oregon Code Supplement 1935), which provides:

"If a new trial is granted by the court on its own motion, the order shall so state and shall be made within thirty (30) days after the filing of the judgment. Such order shall contain a statement setting forth fully the grounds upon which the order was made, which statement shall be a part of the record in the case. * * * * *"

■ It is urged that, since counsel appeared before the trial court and argued the motion for new trial, there was a waiver of the objection now made to the jurisdiction of the court. Counsel for the defendant Layton state that they had no knowledge of the expiration of the statutory period at the time of the argument. Otherwise, the court's attention would have been directed to the same. Be that as it may, jurisdiction over subject matter cannot thus be conferred upon a court: *Lingelbach v. Carriveau*, 211 Wis. 653, 248 N. W. 117.

■ We are requested to reinstate the appeal of plaintiff in the event it is held that the above statute is mandatory. Plaintiff filed notice of appeal October 5, 1938, but did nothing thereafter to perfect the appeal. This court cannot, under this state of the record, resurrect the appeal. It is dead and no power exists under the law whereby this court can breathe life into it.

The order is reversed and the cause remanded with directions to reinstate the judgment.

ROSSMAN, J., not sitting.