Argued October 3, reversed October 10, 1956

ERNST *v.* LOGAN OLDSMOBILE COMPANY

302 P. 2d 220

*Alfred T. McGill* argued the cause for appellant.
On the brief were McGill & Clarke, Portland.

*David W. Young,* Portland, argued the cause for respondent. With him on the brief were Weiser & Bowles, Portland.

Before WARNER, Chief Justice, and ROSSMAN, LUSK, BRAND and PERRY, Justices.

PER CURIAM.

Plaintiff purchasd an automobile from the defendant, and, as part of the transaction, according to his claim, ordered from the defendant a policy of bodily injury and property damage insurance. Later, according to plaintiff's claim, an agent of defendant represented to him that he was "fully protected and covered." In fact no such policy of insurance was ever issued. While driving the automobile plaintiff had a collision in which another driver, J. F. Cramer, Jr., was injured and his car damaged. Cramer brought an action for damages against the plaintiff, who employed an attorney to defend it. The case was settled before trial at a total cost to plaintiff, including the fee of his attorney, of $959. He brought this action to recover that amount as damages on the theory that the representation above referred to was fraudulent. The jury returned a verdict in his favor for the amount sued for, and on May 25, 1953, the court entered a judgment based upon the verdict. On the same day the defendant filed a motion for a new trial. Under date of July 20, 1953, the court caused to be filed in the case "its memorandum opinion" by which it was concluded, after a discussion of various grounds of the motion and the applicable law that the complaint did not state a cause of action and the court erred in not granting defendant's motion for a judgment of

involuntary nonsuit, "and for such error the motion for a new trial must be granted." On July 23, 1953, there was entered in the journal an order of the court allowing the motion for a new trial. Plaintiff appeals from that order, and contends, among other things, that the court was without jurisdiction to make it because the statutory time for the allowance of a motion for a new trial had expired. Under ORS 17.615 such a motion must be "heard and determined by the court within 55 days from the time of the entry of judgment, and not thereafter." Otherwise it is conclusively deemed denied. The order allowing the motion for a new trial was entered on the fifty-ninth day after the entry of the judgment. The memorandum opinion was filed on the fifty-sixth day, the fifty-fifth day being a Sunday. The opinion was not an order (*Barone v. Barone*, 207 Or 26, 294 P2d 609), nor was it a "determination" (*Shirley v. Birch*, 16 Or 1, 4, 18 P 344). The statute contemplates a final appealable order. No appeal can be taken from an opinion. The order was entered after the court had lost jurisdiction, and it is therefore reversed with directions to reinstate the judgment on the verdict.