On respondent's petition to reconsider order and reinstate case filed March 8; appellant's response filed April 4; respondent's reply filed April 25; order of dismissal and appellate judgment filed January 31; reconsideration allowed, appellate judgment withdrawn, appeal reinstated August 1, 2007

Ruth McCOLLUM,
*Plaintiff-Respondent,*

*v.*

KMART CORPORATION,
a Michigan corporation doing business in Oregon,
*Defendant-Appellant.*

Multnomah County Circuit Court
050606750; A134457

165 P3d 372

Kathryn H. Clarke, Dylan R. Lawrence, and Sam Hochberg & Associates for motion.

Michael T. Garone, Heidi L. Mandt, Amanda T. Gamblin, and Schwabe, Williamson & Wyatt, P.C., *contra*.

Before Wollheim, Presiding Judge, and Schuman and Rosenblum, Judges.

ROSENBLUM, J.

## ROSENBLUM, J.

Plaintiff seeks reconsideration of an order in which we vacated the trial court's order granting a new trial and dismissed defendant's appeal. We initially vacated the trial court's order on the ground that it was not entered in the register within 55 days after the underlying judgment was entered. On reconsideration, we conclude that the order was timely entered because it was incorporated by reference in the trial court's letter opinion announcing its decision to grant a new trial, which was entered before 55 days had elapsed. Accordingly, we withdraw the appellate judgment vacating the trial court's order and dismissing the appeal.

The trial court entered a judgment in defendant's favor on October 13, 2006. Plaintiff moved for a new trial one week later. On December 4, 2006, the court filed an order granting the motion together with a letter opinion stating that it had concluded that plaintiff had demonstrated a basis for a new trial under ORCP 64. After explaining the basis for its decision, the court stated in the letter opinion, "Enclosed is a conformed copy of the Court's Order Allowing New Trial." The trial court clerk entered the letter opinion into the register on December 6, two days after the court filed it, but did not enter the order until December 11.

Defendant filed a notice of appeal from the order granting the motion for a new trial. It attached a copy of the order to the notice of appeal, but not a copy of the letter opinion. We determined that, under ORCP 64 F, the order had to be entered by December 7, 2006, to be effective. Because the order was not entered until December 11, we concluded that it was not timely entered and, thus, that the motion was deemed denied. We therefore vacated the order and dismissed the appeal.

■ ORCP 64 F provides that a motion for a new trial "shall be heard and determined by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied." A motion is "determined" when the court makes an "effective order." *Ryerse v. Haddock*, 337 Or 273, 279, 95 P3d 1120 (2004). An

order becomes effective when it is entered in the register. *Id.* at 281.

◼ Generally, the 55-day deadline under ORCP 64 F is not satisfied by entry of a written opinion purporting to decide the motion but not actually ordering a new trial. *Ernst v. Logan Oldsmobile Co.*, 208 Or 449, 302 P2d 220 (1956), is illustrative. The defendant in that case filed a motion for a new trial after judgment was entered in the plaintiff's favor. The trial court issued a "memorandum opinion" that stated that "the motion for a new trial must be granted." *Id.* at 450-51. The memorandum opinion was entered on the last day of the 55-day period for "hear[ing] and determin[ing]" the motion under the predecessor to ORCP 64 F. *Id.* at 451. Three days later, an "order" allowing the motion was entered. The plaintiff appealed from that order. The Supreme Court reversed, holding that the memorandum opinion did not constitute a "determination" of the motion or an "order" granting the motion and, thus, that the motion was deemed denied when the deadline passed. *Id.*

◼ In this case, the trial court included a copy of its written order with the letter opinion that it sent to the parties and filed with the clerk. The letter opinion expressly referred to the order. By that reference, the letter opinion effectively incorporated the order and, thus, itself constituted an order granting the motion for a new trial.[1] The letter was entered in the register on December 6, 2006. Consequently, entry of the letter opinion was sufficient to determine the motion within 55 days as required by ORCP 64 F.

We recognize that there may be circumstances in which a mere reference to an order is not a sufficient basis for concluding that a letter opinion itself constitutes an order, such as when there are inconsistencies between the letter opinion and the order or when the letter opinion directs one of the parties to prepare a form of order for the court's later signature, leaving open the possibility that the court could change its mind and, thus, that the order could vary from the letter opinion. In this case, the court drafted the order, which

---

[1] We note that, unlike the form of judgments, which is specified by ORS 18.038 and ORS 18.042, the format of orders is not governed by any statute or rule. Thus, there is no reason that a letter opinion could not constitute an order.

states only, "Based on the Court's letter opinion dated December 4, 2006, and the record herein, IT IS HEREBY ORDERED that Plaintiff's Motion For New Trial is Granted. ORCP 64 B(1) and (6)." Given that the court filed the letter opinion and the order together and that nothing in the opinion conflicts with anything in the order, we see no basis for distinguishing between the two for purposes of deciding when plaintiff's motion was determined.

Reconsideration allowed; appellate judgment withdrawn; appeal reinstated.