On petition for review filed July 20, 2009,* petition for review allowed; decision of Court of Appeals vacated; circuit court order granting plaintiff's motion for new trial vacated, with instructions to reinstate judgment February 19, 2010

## Ruth McCOLLUM,
*Petitioner on Review,*

*v.*

## KMART CORPORATION,
a Michigan Corporation doing business in Oregon,
*Respondent on Review.*

(CC0506-06750; CA A134457; SC S057609)

226 P3d 703

---

\* Appeal from Multnomah County Circuit Court, Richard C. Baldwin, Judge. 228 Or App 101, 207 P3d 1200 (2009).

Kathryn H. Clarke, Portland, filed the briefs for petitioner on review. With her on the briefs was Dylan R. Lawrence, Sam Hochberg & Associates.

Michael T. Garone, Heidi L. Mandt, and Amanda T. Gamblin, Schwabe, Williamson & Wyatt, PC, Portland, filed the response and supplemental briefs for respondent on review.

LINDER, J.

708-b

**LINDER, J.**

This is a personal injury case in which defendant appealed an order granting plaintiff a new trial. The Court of Appeals determined that the trial court's stated grounds for ordering a new trial, as well as certain alternative grounds urged by plaintiff to support the order, were not adequate bases for that relief. *McCollum v. Kmart Corporation*, 228 Or App 101, 207 P3d 1200 (2009) (*McCollum II*). The Court of Appeals therefore reversed the trial court's order and remanded with instructions to reinstate the judgment for defendant. *Id.* at 123.

Plaintiff has filed a petition for review of the Court of Appeals decision, arguing that the Court of Appeals decision should be reversed and the case should be remanded to the trial court for a new trial. As part of our consideration of plaintiff's petition, it is necessary to determine whether the trial court timely ordered a new trial; if it did not, the merits of that order were not properly before the Court of Appeals and would not properly be before this court. As we shall explain, we conclude that the trial court's order was not timely. We therefore allow the petition for review, vacate the Court of Appeals decision, vacate the order granting a new trial, and remand the case to the trial court with instructions to reinstate the judgment.

The pertinent facts are procedural. Plaintiff's personal injury action against defendant was tried to a jury, which returned a verdict for defendant. On October 13, 2006, the trial court entered judgment for defendant, after which plaintiff timely moved for a new trial. On November 17, 2006, the court held a hearing on the motion. At the conclusion of the hearing, the court took the matter under advisement. On December 4, 2006, the trial court signed and filed an order granting plaintiff's motion for new trial. On that same date, the trial court also signed and filed a letter opinion addressed to counsel for the parties in which the court explained the basis for its decision. On the second and last page of the letter opinion, the letter stated: "Enclosed is a conformed copy of the Court's Order Allowing New Trial." The letter also had the notation "enclosure" in a footer on the last page.

The trial court administrator entered the letter opinion into the registry (OJIN[1]) on December 6, 2006, which was 54 days after the entry of judgment. Significantly, the trial court administrator did not enter the order granting the new trial on that same date. Instead, that order was entered on December 11, 2006, which was 59 days after entry of that judgment. On January 5, 2007, defendant filed a notice of appeal from the order granting a new trial. Plaintiff neither appealed nor cross-appealed.

Approximately one month later, the Court of Appeals dismissed the appeal and issued an appellate judgment. In the order of dismissal, the court noted that the motion for new trial was deemed denied as a matter of law on December 8, 2006 (which was three days before the order granting the new trial was entered in the register).[2] Consequently, the Court of Appeals vacated the order allowing a new trial and dismissed the appeal. Plaintiff filed a petition for reconsideration. The Court of Appeals granted the petition and, in a written decision, concluded that the order granting a new trial was timely entered—that is, within 55 days of the date of judgment—because the trial court's letter opinion "effectively incorporated the order" and therefore "itself constituted an order granting the motion for a new trial." *McCollum v. Kmart Corp.*, 214 Or App 367, 370, 165 P3d 372 (2007) (*McCollum I*).

■■ Following that threshold decision, the parties fully briefed and argued the case. As noted, on the merits, the Court of Appeals concluded that the trial court had lacked adequate grounds to grant a new trial, and that the order therefore should be reversed and remanded and the

---

[1] "OJIN" refers to the Oregon Judicial Information Network, which serves as the official register for the courts. *See* ORS 7.010 (records of circuit and appellate courts to include register); ORS 7.020 (register to reflect, among other information, date of filing and entry of any order); ORS 7.095 (Chief Justice authorized to keep records through use of electronic data processing equipment).

[2] As we later discuss, under ORCP 64 F(1), a motion for new trial is conclusively deemed denied if not "heard and determined" within 55 days of the date of judgment. The denial therefore occurs on the fifty-sixth day, which the Court of Appeals correctly calculated to be December 8, 2006, in this case. *See Propp v. Long*, 313 Or 218, 226, 831 P2d 685 (1992) (motion for new trial is deemed denied on the fifty-sixth day following entry of judgment, if not effectively resolved by order before that date).

judgment reinstated. *McCollum II*, 228 Or App at 123. Plaintiff petitioned for review. As part of our consideration of that petition, we sent a letter to the parties inviting them to submit further briefing on whether the trial court had timely granted plaintiff's motion for a new trial. We now conclude that that issue is dispositive of the case. We therefore turn to it.

 The principles that bear on the timeliness of the trial court's order in this case are well-settled. A party's right to seek a new trial following entry of judgment is created and controlled by statute. *Nendel v. Meyers*, 162 Or 661, 663, 94 P2d 680 (1939) (litigant's right to move for a new trial arises only by statute; legislature may prescribe procedure for hearing and determination of such motions). Although variously codified, the pertinent statute has remained unchanged for at least 85 years.[3] It is now codified in ORCP 64 F(1), which provides, in part:

> "The motion [for new trial] shall be heard and determined by the court within 55 days from the time of the entry of the judgment, and not thereafter, and if not so heard and determined within said time, the motion shall conclusively be deemed denied."

The requirements of the statute are mandatory: If a trial court fails to "hear and determine[ ]" the motion within the 55-day period, any subsequent order granting the motion is "null and void." *Nendel*, 162 Or at 663. Instead, the motion is "conclusively deemed to have been denied." *Id.* After that time, the trial court has "no jurisdiction over the matter." *Id.*; *see also Clark v. Auto Wholesale Co. Inc.*, 237 Or 446, 449, 391 P2d 754 (1964) (untimely motion under the statute is "void"); *Ernst v. Logan Oldsmobile Co.*, 208 Or 449, 451, 302 P2d 220 (1956) (trial court loses jurisdiction once motion is conclusively deemed denied).

---

[3] In one of the earliest reported cases discussing a statutory predecessor to ORCP 64 F, this court traced what remains essentially the current form of the statute to "Section 2-803, Oregon Code 1930, as amended by chapter 233, Laws of Oregon for 1933 (§ 2-803, Oregon Code Supplement 1935)." *Nendel*, 162 Or at 663 (citing and quoting statute). As set out in *Nendel*, that predecessor statute was substantively identical to the pertinent text of ORCP 64 F.

■ Over the years, frequent issues have arisen over what it means for a motion for new trial to be "determined." Consistently, this court has held that a trial court "determines" a motion for new trial when the trial court makes an "effective order" resolving it. *See Ryerse v. Haddock*, 337 Or 273, 279, 95 P3d 1120 (2004) (so holding, and discussing prior cases so holding). To determine when an order is "effective," the court has looked to ORS 3.070. Until amended in 1991, that statute provided that orders, if not signed in open court, "shall become effective from the date of filing." ORS 3.070 (1989); *see Ryerse*, 337 Or at 280 (quoting statute). As amended in 1991, however, and as the statute continues to provide, orders, if not signed in open court, "shall become effective from date of entry in the register." ORS 3.070 (1991).[4] Thus, since 1991, the legislative policy has been that, for an order not signed in open court, it is not enough for the trial court to file such an order with the clerk with the intent that it be effective; instead, the order must be formally entered into the register of the court.[5]

In *Ryerse*, this court examined at length the effect of that amendment on ORCP 64 F. This court concluded, based on the text of ORS 3.070, that the legislature clearly intended to make "entry in the register," not "filing," the effective date for orders not signed in open court. 337 Or at 281. The court further concluded that the legislature amended ORS 3.070 "with knowledge of the implications that a change to that statute would have on the operation of ORCP 64." *Id.* at 280-81. Consequently, this court held in *Ryerse* that an order granting a new trial, to be effective, must be entered in the register within the 55-day period specified within ORCP 64;

---

[4] The pre-1991 version of ORS 3.070 was consistent with the general rule that this court followed—that is, that filing was a sufficient act to make an order effective, unless a statute specified that entry in the register was required. *See, e.g., Robinson v. Phegley*, 93 Or 299, 301, 177 P 942 (1919) (so observing). The 1991 amendments to ORS 3.070 essentially changed the general rule for orders not signed in open court.

[5] Older cases sometimes used the terms "filing" and "entry" inexactly and interchangeably. *See Charco, Inc. v. Cohn*, 242 Or 566, 569-70, 411 P2d 264 (1966) (discussing inexact use of the terms and resulting confusion). In more recent cases, we have attempted to use them with greater care and precision, and we do so here: "filing" occurs when a document has been given to a clerk with the intention that it be filed; "entry" refers to formal recording of a document into the court's register. *See Ryerse*, 337 Or at 276-77 (so explaining and using those terms).

otherwise, it is "deemed denied by operation of law." *Id.* at 281.

█ The other issue that has arisen with some frequency is what form of document will constitute an "order." More specifically, the question has been whether a memorandum (or letter) opinion constitutes an order. This court's answer has been: it does not. *Ernst*, 208 Or at 451. In *Ernst*, we reasoned that, in general, an opinion (written or oral) is not the equivalent of an order. *Id.* (citing cases). Moreover, an appeal can be taken only from a "final appealable order," not from an "opinion." *Id.*

Those settled principles resolve this case. Here, the trial court's letter opinion, although filed with the clerk and entered in the register within the 55-day period, was not an "order." It thus was not "determined" within the meaning of ORCP 64 F(1). And, although the trial court had signed and filed the requisite written order within the 55-day period, that order was not entered in the register within 55 days. Instead, it was entered into the register 59 days after entry of judgment, on December 11, 2006. By then, plaintiff's motion for new trial had been conclusively denied as a matter of law. The trial court had no power to alter that disposition of the motion.

In reaching a contrary conclusion, the Court of Appeals recognized the basic principles we have outlined. *See McCollum I*, 214 Or App at 369-70 (citing authorities). The Court of Appeals nevertheless concluded that the letter opinion in this case was exceptional, and constituted an order. The court reasoned:

> "In this case, the trial court included a copy of its written order with the letter opinion that it sent to the parties and filed with the clerk. The letter opinion expressly referred to the order. By that reference, the letter opinion effectively incorporated the order and, thus, itself constituted an order granting the motion for a new trial. The letter was entered in the register on December 6, 2006. Consequently, entry of the letter opinion was sufficient to determine the motion within 55 days as required by ORCP 64 F."

*Id.* at 370 (footnote omitted). We disagree, both factually and legally, with that conclusion.

Factually, the letter opinion did not "incorporate" the order or otherwise purport to *be* the order. To the contrary, the letter opinion expressly declared that enclosed with it was a document entitled "Court's Order Allowing New Trial." It thus referenced a separate and independent document that constituted the trial court's order. That is exactly what the case law for many years has suggested must occur: a letter or memorandum opinion that is made effective by a signed and filed (pre-1991) or entered (post-1991) order. The form of this letter opinion and the separate order that apparently accompanied it seem, if anything, distinctly unexceptional.[6]

■ Neither is the letter opinion legally exceptional in its form. Legally, a letter opinion itself does not become effective until it is reduced to an order. This court so held in *Beardsley v. Hill*, 219 Or 440, 442, 348 P2d 58 (1959), despite the fact that the letter opinion in that case concluded by stating: "The verdict and judgment rendered are hereby set aside, and plaintiff's motion for a new trial is granted." That wording was far more "order-like" than anything in the letter opinion in this case, but this court was unwilling to dispense with the requirement of an actual order. The court explained why a memorandum or letter opinion is not an order:

> "The cases cited hold, and we consider it to be an important rule of orderly practice, that a memorandum opinion of the trial court does not become effective until it is reduced to a proper order, judgment or decree and entered in the records of the case in the office of the clerk. Anything less than a rigid adherence to such a rule gives rise to uncertainty; it would then be impossible to determine what is an order and

---

[6] The record is silent as to when the parties received the letter opinion and whether the separate order actually accompanied it. In the physical trial court file, the letter opinion was placed in the file, without the order. That is, the order was not physically attached to the letter opinion, nor does it appear in the file immediately before or after the letter opinion. Instead, a lengthy document is interposed between the letter opinion and the order. It, too, bears a file date of December 4, 2006, but was not entered until December 11, 2006. The order granting a new trial is the next document in the file, and was entered, as we have noted, on December 11, 2006. Per its placement in the court's physical file, then, the order comes later than the letter opinion and is separated from the letter opinion by a number of pages.

what a mere opinion and upon what date did it become effective."

*Id.*[7]

The requirement of an actual order is not just a matter of certainty and sound practice. As *Ernst* recognized, finalizing the resolution of a motion granting a new trial with an order also comports with the statutory requirement that an appeal be from an order granting a new trial, not some less formal and less final determination in the movant's favor. *See Ernst,* 208 Or at 451 (appeal must be taken from final order, not from an opinion). The statutes, in those respects, are unchanged in their essential terms: ORS 19.205(3) authorizes an appeal from "an order granting a new trial," and ORS 19.255(2)(a) requires the appeal to be filed within 30 days after an "order" disposing of a motion for new trial is "entered in the register."

For those reasons, we disagree with the Court of Appeals that the letter opinion was an order. It was, instead, a letter opinion. To be sure, it was accompanied by and prepared in tandem with a signed order. But that fact reinforces our conclusion that the two were not one and the same; they were, instead, two distinct and different documents—a letter opinion explaining the court's decision and an order granting plaintiff a new trial.

Plaintiff makes two alternative arguments in support of the Court of Appeals' disposition. First, plaintiff urges that this court's decision in *Ryerse* was flawed and that this

---

[7] The legislature has added certainty to the process by requiring, through the 1991 amendment to ORS 3.070, that an order not signed in open court be entered in the register to become effective. Entering an order in the register, unlike merely tendering it to the clerk, provides public notice of the court's disposition and makes that disposition a matter of record. This case illustrates the importance of an entry of the order in the register. Here, the letter opinion was entered in the register as "Letter from Jud[g]e Richard C Baldwin re [plaintiff's] motion for new trial." The trial court administrator did not regard the letter as an order, and the entry for the letter made no notation as to whether or how the motion for new trial was resolved. The entry for the order, on the other hand, expressly declares that it is an "Order" and follows that with "[plaintiff's] motion for new trial GRANTED." Thus, a person or party examining the register would be unable to determine, from the entry regarding the letter, anything about the resolution of the motion. The entry of the order, however, provides clear and unequivocal information about when and how the motion was resolved.

court should take a more flexible approach, one that would have the effectiveness of an order turn on the intent and conduct of the judge, not on a clerk's performance of the ministerial act of entry into the register. This court in *Ryerse* considered many of the same arguments, both legal and practical, that plaintiff makes here. Plaintiff has not demonstrated to us that our decision in *Ryerse* was in error, and we do not believe that it was. Beyond that, if the legislature determines that the practical and policy points that plaintiff makes are well taken, it may change the statutes accordingly.

■ Second, plaintiff proposes that the appropriate remedy here should be to permit the trial court to make a *nunc pro tunc* order, apparently one that would make the order effective as of the date of entry of the letter opinion. We need not explore the parameters of a court's general authority to render orders and other documents *nunc pro tunc*.[8] For our purposes here, it suffices to point out that the terms of ORCP 64 F(1) foreclose plaintiff's argument. The rule declares that a motion for new trial "shall be heard and determined by the court within 55 days from the time of the entry of the judgment" and then, as if to emphasize the point again, the rule adds "and not thereafter[.]" If the trial court fails to determine the motion as the rule requires—*viz.*, by entering an order in the register within the prescribed time—a legal consequence flows from that failure: the motion is *conclusively* deemed denied. The trial court is thereafter "deprived of power to act by operation of ORCP 64 F." *Propp v. Long*, 313 Or 218, 226, 831 P2d 685 (1992). Thus, a *nunc pro tunc* order that would purport to enter an order in the register, when it in fact was not so entered, cannot alter the legal consequence that attaches to that omission. To conclude otherwise would defeat the essential terms of the statute.

The Court of Appeals therefore erred in concluding that the motion for new trial was determined, within the

---

[8] Literally translated, the phrase *"nunc pro tunc"* means "now for then." *Black's Law Dictionary* 1174 (9th ed 2009). This court has described the function of a *nunc pro tunc* order as "to supply an omission in the record of action actually taken but omitted from the record." *Gillespie v. Kononen*, 310 Or 272, 276 n 7, 797 P2d 361 (1990).

meaning of ORCP 64 F(1), when the trial court's letter opinion was entered in the register. Because the trial court's order granting the new trial was entered in the register beyond the 55-day period that the rule allows, the trial court did not timely determine the motion, and the motion therefore was conclusively denied by operation of law. We cannot, and the Court of Appeals could not, reach the merits of the trial court's order granting plaintiff a new trial.[9]

The petition for review is allowed. The decision of the Court of Appeals is vacated. The circuit court order granting plaintiff's motion for new trial is vacated, with instructions to reinstate the judgment.

_____

[9] In its initial order, the Court of Appeals both vacated the order granting a new trial and dismissed the appeal. However, the notice of appeal was filed timely, and the Court of Appeals at the least had jurisdiction to determine whether the trial court timely heard and determined the motion for new trial. Because the motion was deemed denied as a matter of law, the proper remedy was to vacate the trial court's order, not also to dismiss the appeal.