Submitted May 4, 2012, reversed and remanded for reinstatement of the judgment and further proceedings April 17, 2013

Lasya SILBERMAN-DONEY,
*Plaintiff-Respondent,*
*v.*

David GARGAN
and Catia Gargan,
husband and wife,
*Defendants-Appellants.*

Jackson County Circuit Court
091352L3; A149857

303 P3d 333

Carlyle F. Stout III filed the brief for appellants.

No appearance for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

Wollheim, J., dissenting.

## NAKAMOTO, J.

This residential landlord and tenant case presents a question of civil procedure: Assuming that plaintiff landlord was entitled to seek a new trial under ORCP 64 B after the trial court dismissed the jury during the trial once she and her tenants had entered into a settlement of their dispute, did the trial court have a basis to grant her motion for a new trial because of an "[i]rregularity in the proceedings of the court"? Because, as a matter of law, the trial court lacked a basis to grant plaintiff a new trial for an irregularity or error of law in the proceedings under ORCP 64 B(1) or (6), we reverse and remand for reinstatement of the judgment and further proceedings.

The facts are primarily procedural and are undisputed. Basically, in the underlying rental dispute, defendants had not paid a portion of their rent due under the lease with plaintiff and contended that they did not owe rent and, moreover, that plaintiff owed them money due to breach of the rental agreement, unlawful entry, and statutory violations under ORS chapter 90. Plaintiff sued for rent, and defendants filed counterclaims and asserted a right to attorney fees under the rental agreement, ORS 20.096, and ORS 90.255. Defendants paid $11,000 in rent into the court before trial, and an arbitrator awarded plaintiff $5,250 from the prepaid rent, leaving defendants' counterclaims for trial.

On the second day of trial, the trial court met with counsel regarding several legal issues. First, the court ruled that a one-year statute of limitations applied, which effectively barred defendants' fifth, seventh, eighth, and ninth claims for relief and limited the remaining claims. Second, although no motion was before the court concerning defendants' entitlement to fees at that point, defendants had raised the issue of their prevailing party status and entitlement to fees in their trial brief. On that issue, the court told the parties that, because defendants paid all rent owed to plaintiff into the court before the commencement of the action, defendants would be entitled to attorney fees as the

prevailing party under ORS 90.370 if they could prove monetary damages on their counterclaims.[1]

The trial court's conclusions prompted the parties to enter into settlement negotiations. Later that morning, the parties reported to the court that they had agreed on a settlement. The parties then stated the terms of their settlement on the record. Plaintiff stated that, "based upon those legal conclusions that the Court arrived at this morning," the parties "entered into mediation in an effort to arrive at a settlement, and we've arrived at a settlement." The parties agreed "that the amount currently held by the Court as prepaid rent[] would be returned to the [defendants]." Defendants confirmed that the settlement that plaintiff's counsel described for the record was correct and added that the only issue remaining would be the attorney fee issue under ORCP 68. Both plaintiff and defendants stated on the record that they accepted the settlement as recounted by the parties' attorneys. Satisfied with the parties' settlement, the court dismissed the jury.

Two days after the settlement, the trial court notified the parties that, on further reflection, it had made a mistake in stating that defendants would be entitled to attorney fees under ORS 90.370(4). The trial court told the parties that "we need to discuss this issue further" and to "stop the process of preparing a judgment until we have a chance to discuss these issues." The trial court and the parties then met, although what occurred at that meeting is not in the record.

On April 7, 2011, the trial court issued a letter opinion stating that it had "reached a final decision" on its interpretation of ORS 90.370. The court explained its revised analysis that ORS 90.370(4) would not allow an attorney fee award to defendants. The trial court noted that ORCP 64 B(6) allows new trials for errors of law at trial and

---

[1] ORS 90.370(4) provides:

"If the total amount found due to the tenant on any counterclaims is less than any rent found due to the landlord, and the tenant retains possession solely because the tenant paid rent into court under subsection (1) of this section, no attorney fees shall be awarded to the tenant unless the tenant paid at least the balance found due to the landlord into court no later than the commencement of the trial."

proposed two options to resolve the case, despite the existing settlement agreement: (1) reconvene another settlement conference or (2) start a new jury trial. It is unclear from the record whether the parties selected either of those options, although it appears from the ensuing events that the parties rejected the court's suggestion.

Upon learning the trial court's view that ORS 90.370(4) did not apply to allow attorney fees to defendants, neither plaintiff nor defendants filed a motion to avoid or reform the settlement agreement or to contest its enforceability. Instead, plaintiff filed a motion to approve judgment and submitted a proposed judgment that awarded defendants $5,750 in damages against plaintiff but stated that the court would determine which party prevailed under ORCP 68. Defendants opposed the proposed judgment, arguing that the trial court did not instruct the parties to submit a judgment in light of its April 7 letter opinion. At some point, defendants submitted their own proposed judgment, which was similar to plaintiff's proposed judgment except that it listed defendants as the prevailing party. Defendants also filed a motion for sanctions against plaintiff for seeking the court's approval of a form of judgment that did not recognize defendants as prevailing parties.

In July 2011, the trial court held a hearing on defendants' motion for sanctions and the competing forms of judgment that the parties had submitted. Plaintiff's counsel also raised a third issue, namely, "sort of a disguised request for a new trial," because defendants' counsel, in objecting to plaintiff's form of judgment, had suggested that defendants might file a motion for a new trial. During argument regarding the motion for sanctions and whether plaintiff's proposed judgment was inappropriate, defendants' counsel stated that the court's ruling that defendants would be prevailing parties for purposes of attorney fees was the reason that defendants "entered into settlement negotiations to begin with."

The court informed the parties that the "only way a judgment could be entered[,] at this stage, would be to enter a judgment based upon the settlement placed on the record." The court then stated:

"Well, I think that beyond the Motion before the Court, the cleanest way to resolve this, would be to enter a judgment, based upon the settlement put on the record, and then the other side would have an opportunity to file a Motion for a New Trial, based upon the Court's mistake of law. And then the issue, once again would be raised, that I resolved in the April 7th letter, and I would * * * probably follow my April 7th letter, in responding to that Motion. But I think that's procedurally, the way to posture it, especially if * * * we need to make it ripe for appeal."

The court took the matters under advisement.

Ultimately, the court rejected both proposed judgments and, in August 2011, entered its own general judgment memorializing the parties' settlement agreement. The judgment stated that defendants paid $11,000 into the court; plaintiff received $5,250 of that amount, which was disbursed before the trial; and the remaining amount, $5,750, would be awarded to defendants as damages for its remaining counterclaims. The judgment stated, "Defendants are designated the prevailing parties to the civil action and are awarded their costs and disbursements incurred herein, and their reasonable attorney's fees, which shall be determined pursuant to ORCP 68."

After the court entered the judgment and before it adjudicated the amount of defendant's fees, plaintiff filed a "motion for new trial" pursuant to ORCP 64 B, which allows the trial court to order a new trial based on, among other things, an "[i]rregularity in the proceedings of the court" preventing the adverse party from having a fair trial, ORCP 64 B(1), or an "[e]rror in law occurring at the trial and objected to or excepted to by the party making the application," ORCP 64 B(6). Plaintiff argued that the trial court's decision announced during trial, before the settlement, and its revised decision about defendants' entitlement to attorney fees announced after the settlement created an "irregularity in the proceedings of the court" or, in the alternative, was a legal error "occurring at the trial and objected to or excepted to by the party making the application."

Defendants opposed the motion on two grounds. First, defendants contended that, even if the court's ORS 90.370 ruling was an error, plaintiff did not object or except

to that ruling as required by ORCP 64 B(6). Second, without conceding that the proceeding was irregular, defendants asserted that the settlement did not prevent plaintiff from having a fair trial. Defendants noted that plaintiff could have objected to the trial court's ORS 90.370 ruling, preserving the alleged error for review on appeal, instead of stipulating to the settlement agreement on the record.

After hearing the parties' arguments, the trial court took the issue under advisement. In October 2011, the trial court entered an order granting plaintiff's motion for a new trial, citing the record, the parties' arguments, and its April 7 letter reversing its opinion regarding defendants' entitlement to fees under ORS 90.370(4). The order did not otherwise provide an explanation of the grounds for the court's ruling.

On appeal, defendants assign error to the trial court's order granting a new trial, challenging the propriety of the ruling under ORCP 64 B(1) and (6). Defendants reiterate that no "irregularity" occurred and that a trial court typically makes decisions about legal issues during the course of a trial. They also contend that there was no error of law on the application of ORS 90.370 at trial, and, in any event, plaintiff did not contest or object to the trial court's initial conclusion that defendants would be entitled to attorney fees if they prevailed on any of their remaining counterclaims. Although we review the grant of a new trial for abuse of discretion, *State v. Woodman*, 195 Or App 385, 387, 97 P3d 1263 (2004) *aff'd*, 341 Or 105, 138 P3d 1 (2006), the trial court's exercise of discretion "must be legally permissible," *Barbara Parmenter Living Trust v. Lemon*, 345 Or 334, 342, 194 P3d 796 (2008). We agree with defendants that there was no "irregularity" under ORCP 64 B(1) and that, if any error of law occurred at trial, plaintiff could not seek a new trial on that basis under ORCP 64 B(6) because she failed to object at trial.

Before we discuss the claimed irregularity in this case, we note that it is not clear that ORCP 64 B even applies when the parties agree to a settlement and abort the jury trial. The relevant parts of the rule provide:

> "A former judgment may be set aside and a new trial granted in an action where there *has been a trial by jury* on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

> "B(1)   Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having fair trial.

> "* * * * *

> "B(6)   Error in law occurring at the trial and objected to or excepted to by the party making the application."

ORCP 64 B (emphasis added). Although ORCP 64 B allows a judgment to be set aside when there "has been a trial by jury," the rule does not state that it applies to a judgment memorializing a settlement by the parties during the middle of a jury trial. Defendants, however, do not argue the inapplicability of ORCP 64 B, and, for purposes of this case, we assume but do not decide that plaintiff could utilize ORCP 64 B to seek a new trial even though the trial was cut short by, and a judgment was entered based on, the parties' settlement agreement.

As for whether there was an irregularity in the trial court proceedings in this case, we begin with our recent explanation in *McCollum v. Kmart Corporation*, 228 Or App 101, 113, 207 P3d 1200 (2009), *vac'd on other grounds*, 347 Or 707, 226 P3d 703 (2010), that an "irregularity" under ORCP 64 B(1) requires deviation from an established rule or a usual practice or method. Our reasoning in that case is instructive because it persuasively demonstrates that a trial court's arguably questionable ruling does not render proceedings that are proper procedurally "irregular" for purposes of ORCP 64 B.

In *McCollum*, the plaintiff slipped on an unknown substance and fell at the defendant's store. The morning of trial, the trial court granted the defendant's motion *in limine* to exclude the plaintiff's testimony about a conversation she had had with another customer who was waiting to fill out an incident report on the night that the plaintiff fell. The court excluded the testimony based on OEC 403 because

the other customer was unidentified and had not told the plaintiff what kind of incident she was reporting. 228 Or App at 104-05. The plaintiff asked the trial court to engage in an *in camera* review of the incident report the customer had filled out, to see whether it tended to prove that the defendant had notice of the foreign substance that caused the plaintiff's injuries. *Id*. at 105. The trial court agreed to look at the report, but the defendant did not have the report available, and the trial court stated "it's not here, so I can't look at it." *Id*. at 105-06. The plaintiff responded, "Okay," and did not ask the court to defer the ruling until the defendant could produce the document for the court's review. *Id*. at 106. After the jury returned a defense verdict, the plaintiff moved for a new trial, arguing among other things that the two pretrial rulings were irregular under ORCP 64 B(1). The trial court agreed to review the incident report *in camera* again, but this time, the defendant had the report available. Upon examination of the report, which tended to cast doubt on one of the defendant's witnesses concerning floor inspections, the trial court ordered a new trial based on the irregularity or error of the court's pretrial ruling on the motions *in limine*. *Id*. 108-09.

On appeal, we reversed. On the irregularity issue, we determined that "irregularity" as used in ORCP 64 B(1) means a "'[d]eviation from * * * any common or established rule' or 'deviation from method or order, as the ***irregularity of proceedings*.'** Noah Webster, 1 *An American Dictionary of the English Language* (1828) (emphasis in original; boldface added)." *Id*. at 113 (brackets in original). We concluded that the proceeding was not irregular because the "submission and consideration of those matters conformed to well-established practice." *Id*. Although the trial court could have benefitted from viewing the incident report before trial, "that d[id] not render its consideration and disposition of the pretrial matters procedurally 'irregular.'" *Id*.

In this case, too, the court's procedure did not deviate from a well-established practice. On the second day of trial, the trial court made two rulings in the morning affecting both parties. Such rulings on legal issues bearing on a trial are to be expected and, of course, occur regularly.

The trial court did not preclude plaintiff or defendants from registering objections, but neither party objected or excepted to the rulings.

Instead, both parties, represented by counsel, voluntarily negotiated a settlement and were in a position to assess the risks and benefits of settling. The parties knew that any of the court's rulings could have been erroneous and could have been appealed. The parties also knew that the trial court could change its anticipatory ruling on defendants' entitlement to attorney fees. *See State v. Swain / Goldsmith*, 267 Or 527, 530, 517 P2d 684 (1974) ("A judge may change his mind concerning the proper disposition between the time of a hearing and his final action which takes place when he signs the order disposing of the matter."); *Hayes Oyster Co. v. Dulcich*, 170 Or App 219, 233, 12 P3d 507 (2000), *rev den*, 339 Or 544 (2005) (court's rulings were not final, but were "'subjective statement[s] of its anticipated ruling[s],' which the trial court expressly made subject to further consideration at trial"); *see also Beardsley v. Hill*, 219 Or 440, 442, 348 P2d 58 (1959) (even a written "memorandum opinion of the trial court does not become effective until it is reduced to a proper order, judgment or decree and entered in the records of the case in the office of the clerk"); *State v. Jackson*, 141 Or App 123, 126, 917 P2d 34 (1996) ("[A] written judgment prevails over oral statements by a court that underlie the judgment."). Plaintiff settled, although she was free to make or renew arguments concerning the trial court's views of ORS 90.370(4), both during the trial and if and when defendants achieved success on one or more of their remaining counterclaims.

In addition, after learning that the court had changed its opinion concerning defendants' entitlement to fees, plaintiff could have sought to invalidate the settlement agreement. The trial court at least alluded to that by suggesting that the parties enter into settlement negotiations again or else agree to try the case. It is apparent that the trial court was inclined to relieve the parties from their agreement given its changed opinion as to defendants' entitlement to fees.

Plaintiff, however, chose to do none of those things. She did not object to the attorney fee ruling at trial; she did not brief the fee issue or otherwise try to turn the court's ruling around; she did not seek a declaration that would allow her to avoid the settlement agreement. As we observed in *McCollum*, a litigant's wait-and-see approach can be viewed as a sort of waiver of "any further objection that the court's ruling warranted a new trial." 228 Or App at 116 (relying on *Transamerica Title Ins. v. Millar*, 258 Or 258, 262-63, 482 P2d 163 (1971), among other cases). In *McCollum*, we said that the plaintiff's own failure to insist on the defendant's immediate production of the incident report for the court's review precluded relief under ORCP 64 B. *Id.* at 117. In this case, plaintiff urged entry of a judgment based on the settlement with the hope that the court would alter the terms of the settlement so that defendants were not recognized as the prevailing parties entitled to attorney fees. Only after the court entered a judgment in accordance with the settlement's terms did plaintiff protest that she had grounds for a new trial.

Although the trial court regretted its initial ruling during the trial and informed the parties that it believed its ruling was incorrect, that does not render the settlement agreement that the parties voluntarily agreed to enter into and the judgment based on the terms of that settlement "irregular." The trial court lacked a basis to grant a new trial for an "irregularity" under ORCP 64 B(1) and so did not act within the range of legally permissible outcomes.[2]

We also agree with defendants that the trial court lacked a basis for granting plaintiff a new trial under ORCP 64 B(6). That provision allows a party to request a new trial

---

[2] The dissent concludes that the trial court's premature determination regarding ORS 90.370 rendered the settlement agreement unenforceable because of a mutual mistake that was fundamental to the agreement. Generally, a stipulated agreement, agreed to in open court, is a binding contract. *Clement v. Mills*, 245 Or App 308, 317, 263 P3d 349 (2011). However, if the agreement was based on a mutual mistake that was fundamental to the agreement, it will not be enforced. *Id.* at 318. In this case, there was no mutual mistake. Both parties knew what the court's oral rulings were regarding whether some of the counterclaims were time barred and whether defendants could be awarded attorney fees and were able to assess the risks and benefits of settlement. Based on the dissent's reasoning, any party with misgivings about a settlement could seek to undo it by arguing that one of the trial court's rulings leading up to the settlement was erroneous.

for "[e]rror in law occurring at the trial and objected to or excepted to by the party making the application." There is no indication in the record that plaintiff objected to or even disagreed with the trial court's initial ruling concerning defendants' entitlement to attorney fees before plaintiff stipulated to a settlement. The record indicates the opposite. Just before the parties put their settlement on the record, the trial court summarized its initial rulings and asked whether the parties had any comment. Plaintiff had no comment and began to recite the terms of the parties' settlement agreement. Accordingly, plaintiff did not object or except to the trial court's claimed "error in law" as required by ORCP 64 B(6).

Reversed and remanded for reinstatement of the judgment and further proceedings.

**WOLLHEIM, J.,** dissenting.

I am an appellate judge. I was never a trial judge. When an experienced trial court judge grants a motion for a new trial pursuant to ORCP 64, I must admit that I tend to review the record very, very carefully to understand why the trial court did so. In my review of the record, I conclude that the trial court granted the motion for a new trial due to several unusual events that, in the totality of the circumstances, convinced the trial court that there was an irregularity in the proceedings of the court that materially affected the substantial rights of plaintiff. ORCP 64 B(1). I would conclude that the trial court did not abuse its discretion in granting plaintiff's motion for a new trial and affirm. Therefore, I respectfully dissent from the majority's conclusion that the proceedings below were not irregular.[1]

The majority opinion accurately summarizes the facts. My review of the record shows that the trial court was very active in this matter. It was on the second day of trial that the trial court met with the attorneys outside the presence of the jury. The trial court announced that, under its interpretation of ORS 90.370(4), defendants would be the prevailing party if they established any damages. It

---

[1] It may be that "irregular" is not the opposite of "regular." Neither word is defined in the rule. But what occurred in the proceedings of the court met my definition of irregular and might have met the trial court's definition of irregular.

was understood that, if defendants established damages, then defendants would be entitled to attorney fees. The court encouraged the parties to settle the case. The jury was excused for the day, and the trial court assisted the parties' settlement attempt by shuttling between the two rooms where the parties were located. The court stated that it was "confident we can work something out this morning." Given those circumstances, it was no surprise that the parties settled the case. The parties placed the settlement on the record before the trial court. The court dismissed the jury.[2]

The next day, the court had second thoughts about its ruling and decided to do further research. Two days after the parties placed the settlement agreement on the record, the court faxed a letter to the parties, informing them that it had made a mistake. The court nonetheless entered a general judgment reflecting the terms of the settlement. Plaintiff then filed a motion for a new trial, which the court granted. Defendants appeal the resulting order arguing that the trial court abused its discretion in ordering a new trial.

Under ORCP 64 B(1), in an action where there has been a trial by jury, a court may set aside a former judgment and grant a new trial where "[i]rregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion" prevented a party from having a fair trial.[3] "We review the grant of a new trial for abuse of discretion. However, to the extent that the grant is based on the interpretation of law, we review for legal error." *State v. Woodman*, 195 Or App 385, 387, 97 P3d 1263 (2004), *aff'd*, 341 Or 105, 138 P3d 1 (2006) (internal citations omitted). "The trial court abuses its discretion if it exercises that

---

[2] Because the jury was dismissed prior to returning a verdict, the trial court's order granting a new trial does not run afoul of Article VII (Amended), section 3, of the Oregon Constitution (limitation on granting a new trial).

[3] ORCP 64 B(1) provides:

"A former judgment may be set aside and a new trial granted in an action where there has been a trial by jury on the motion of the party aggrieved for any of the following causes materially affecting the substantial rights of such party:

"B(1) Irregularity in the proceedings of the court, jury or adverse party, or any order of the court, or abuse of discretion, by which such party was prevented from having fair trial."

discretion in a manner that is unjustified by, and clearly against, reason and evidence." *Forsi v. Hildahl*, 194 Or App 648, 652, 96 P3d 852 (2004), *rev den*, 338 Or 124 (2005).

Here, the trial court first mistakenly ruled that attorney fees were authorized under ORS 90.370. Based on that ruling, the court was confident that the parties would settle. The court sent the jury home and helped the parties reach a settlement agreement based on its incorrect interpretation of the statute. The court then put the settlement on the record and dismissed the jury. Within days, the court *sua sponte* reversed its earlier interpretation of ORS 90.370. The court encouraged the idea of a motion for a new trial under ORCP 64 B and implied that it would grant such a motion. The court entered the judgment and granted plaintiff's subsequent motion for a new trial. Under the totality of the circumstances, I would conclude that there was an irregularity in the proceedings of the court and, consequently, the trial court did not abuse its discretion in granting plaintiff's motion for a new trial.

As the majority notes, in *McCollum v. Kmart Corporation*, 228 Or App 101, 207 P3d 1200 (2009), *vac'd on other grounds*, 347 Or 707, 709, 226 P3d 703 (2010), we stated that an irregularity under ORCP 64 B(1) requires deviation from an established rule or a usual practice or method. Here, there was an irregularity under the totality of the circumstances in the proceedings of the court that prevented plaintiff from having a fair trial. That is a deviation from the court's usual method and is a failure to accord with what is usual. Accordingly, my conclusion is not inconsistent with the analysis in *McCollum*.[4]

Defendants argue that, despite the irregularity, plaintiff is bound by the stipulated settlement. "A stipulated settlement, agreed to in open court, is a binding contract." *City of Canby v. Rinkes*, 136 Or App 602, 609, 902 P2d 605 (1995), *rev den*, 322 Or 489 (1996). A settlement is not rendered unenforcible by negligent mistakes in the parties' knowledge and understanding at the time they entered into the settlement. *Union Cemetery Assn. of Crawfordsville v.*

---

[4] I disagree with the majority's characterization of this case as "a litigant's wait-and-see approach" under *McCollum*. 256 Or App at 273.

*Coyer*, 214 Or App 24, 30, 162 P3d 1072, *rev den*, 343 Or 691 (2007). "A settlement agreement will not be enforced, however, if the agreement was based on a mutual mistake that was fundamental to the agreement[.]" *Clement v. Mills*, 245 Or App 308, 318, 263 P3d 349 (2011). Here, the settlement was based on a mutual mistake that was fundamental to the agreement—the court's premature and erroneous determination regarding ORS 90.370 and that the court would award defendants attorney fees as the prevailing party. Based on these unique circumstances and the mutual mistake by all concerned, I would conclude that the settlement agreement is not enforceable.

I respectfully dissent.