***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted December 20, 2022, affirmed May 10, petition for review denied
August 31, 2023 (371 Or 332)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TALON DUANE RAMOZ,
*Defendant-Appellant.*

Jackson County Circuit Court
15CR47950; A176177

Ronald D. Grensky, Senior Judge. (Judgment)

Lorenzo A. Mejia, Judge. (Supplemental Judgment)

Charles G. Kochlacs, Judge. (Amended Judgment)

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal proceeding, which is before us a second time, defendant raises two assignments of error to challenge the imposition of five years of post-prison supervision (PPS) and the entry of an amended judgment without announcing the change in open court. The state remonstrates that defendant's challenge is unreviewable because he agreed to the challenged PPS sentence as part of a stipulated sentencing agreement. *See* ORS 138.105(9) (providing that an "appellate court has no authority to review any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant"). Further, the state contends that, even if it were reviewable on appeal, the failure to announce the change in open court was harmless. *See State v. Riley*, 195 Or App 377, 384, 97 P3d 1269 (2004), *rev den*, 340 Or 673 (2006) (concluding that the trial court's error in failing to provide written notice to the parties and amending the judgment outside the presence of the defendant was harmless because "the modification did not involve disputed facts or the exercise of judicial discretion"); *see also State v. Champagne*, 325 Or App 76, 89, 527 P3d 1067 (2023) (concluding that the trial court's error in entering an amended judgment without providing notice to all parties was harmless). We affirm.

Because the parties are aware of the underlying procedural history, which is encapsulated by two earlier appellate decisions, we do not provide an in-depth recitation for this nonprecedential memorandum disposition. *See generally State v. Ramoz*, 299 Or App 787, 451 P3d 1032 (2019), *rev'd*, 367 Or 670, 483 P3d 615 (2021). On remand from the Supreme Court, defendant pleaded no contest to two counts of attempted sexual abuse in the first degree, and the trial court sentenced defendant to an 18-month term in the county jail with five years of PPS "minus time actually served" under ORS 144.103. The trial court later issued an amended judgment that changed the sentence on Count 1 from 18 months in "County Jail" to 18 months in "Oregon Dept of Corrections," but the court did not hold a hearing or announce the change in defendant's presence. *Compare* ORS 137.124(1) (governing the imposition of a felony sentence that includes an incarceration term that exceeds

12 months) *with* ORS 137.124(2) (governing the imposition of a felony sentence that includes an incarceration term that is 12 months or less).

The difficulty with reaching the merits of defendant's challenges on appeal is that they run straight into ORS 138.105(9), which bars appellate review of "any part of a sentence resulting from a stipulated sentencing agreement between the state and the defendant." It is undisputed that defendant's sentence resulted from a stipulated sentencing agreement, which accounted for the time defendant had already served in custody while the first appeal was being litigated. Defendant's arguments on appeal do not account for the bar in ORS 138.105(9), nor does he contend that any portion of his challenge involves a part of the sentence that was outside of the stipulated sentencing agreement. In short, application of ORS 138.105(9) bars our review, and consequently we affirm without reaching the merits of defendant's arguments or the state's harmless error argument. *See State v. Rusen*, 369 Or 677, 695-96, 509 P3d 628 (2022) (explaining that ORS 138.105(9) precludes review of a sentence when the parties agreed to a specific sentence); *State v. Davis-McCoy*, 300 Or App 326, 329-30, 454 P3d 48 (2019) (discussing the history of ORS 138.105(9) and concluding that the legislature intended to restate the existing limits on reviewability set forth in *former* ORS 138.222(2)(d) (2015)).

Affirmed.