200 April 30, 2025 No. 379

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TALON RAMOZ,
*Petitioner,*

*v.*

BOARD OF PAROLE AND
POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A178286

Argued and submitted on September 18, 2023.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for petitioner. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed and remanded.

**POWERS, J.**

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision releasing him onto post-prison supervision (PPS) with a PPS expiration date of September 19, 2026. As explained below, we conclude that under the unique circumstances of this case, the board lacked authority to implement the PPS part of petitioner's sentence in the manner that it did. Accordingly, we reverse and remand.

The pertinent facts are undisputed and mostly procedural. Because the procedural context matters and the agency record is sparse, we begin by taking judicial notice of specified aspects of a prior judicial proceeding related to this case. *See* OEC 201(b)(2) (providing that a judicially noticed fact must be one not subject to reasonable dispute that is "[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); OEC 202(1) (noting that judicially noticeable law includes decisional law of Oregon).

Petitioner was initially convicted after a jury trial on two counts each of first-degree rape and first-degree unlawful sexual penetration that occurred on or around October 24, 2015. *State v. Ramoz*, 299 Or App 787, 790-93, 451 P3d 1032 (2019), *rev'd*, 367 Or 670, 483 P3d 615 (2021). The trial court granted a new trial after determining that the jury had not been instructed that the state was required to prove a *mens rea* element for the offenses. *Id.* The state appealed, and we reversed; however, the trial court's ruling that petitioner was entitled to a new trial ultimately was upheld by the Oregon Supreme Court on review. *Ramoz*, 367 Or at 672, 708.

After the appellate judgment issued and the case was remanded back to the trial court, petitioner pleaded no contest to and was convicted of two counts of attempted first-degree sexual abuse in the same underlying criminal case. The judgment, which is in the agency record, provides as to Count 1 that petitioner was sentenced to the custody of the county jail for 18 months and that petitioner "may receive credit for time served. All time already served." Petitioner

was also sentenced to five years of PPS "minus time actually served pursuant to ORS 144.103."[1] On Count 2, petitioner was sentenced to five years of PPS "minus any time incarcerated" but was not sentenced to any term of incarceration. The parties agree that from petitioner's arrest in 2015 until the date of the sentencing after remand, which occurred on May 21, 2021, petitioner was incarcerated in a county jail.

In an Order to Continue/Amend Supervision, the board calculated the PPS expiration dates with the start date on the date that petitioner was actually released from incarceration. The board ordered that petitioner's PPS was for 42 months on Count 1 and expired on November 19, 2024, and that petitioner's PPS on Count 2 was for 60 months and expires on May 19, 2026. Petitioner sought administrative review, asserting that his PPS had been "extended five years when I should have been given time served."[2] The board denied petitioner relief, and petitioner timely initiated this judicial review proceeding.

With that brief background in mind, we turn to the parties' arguments on review. Petitioner argues that the board was required to calculate the combined PPS term for his offenses from, and that the PPS term commenced, when his 18-month term of imprisonment was completed rather than on the date that he was actually released from jail. He further contends that, given that he had spent well over five years incarcerated in the county jail, his PPS term commenced after the first 18 months in the county jail, as the only term of incarceration imposed in the judgment was 18 months. That is, he agrees that the total PPS term was properly set at 60 months, but he asserts that the 60 months that he was in county jail when added to the 18-month

---

[1] ORS 144.103 has been amended since the underlying conduct in this case. Or Laws 2021, ch 653, § 7. Because the amendment does not affect our analysis, we refer to the current version of the statute in this opinion.

[2] The board argues that petitioner failed to preserve the legal arguments that he now makes on judicial review. Petitioner argued in his request for administrative review, as he does on review, that the board did not properly credit his time served toward his PPS. Moreover, the board's administrative review response demonstrates that it understood that that was petitioner's argument. In light of the considerations set forth in *Tuckenberry v. Board of Parole*, 365 Or 640, 451 P3d 227 (2019), we conclude that petitioner is not precluded from pursuing this issue on review.

incarceration term would mean his PPS term would have been fully served as of April 21, 2022. In making his argument, petitioner relies, for the most part, on *Baty v. Slater*, 161 Or App 653, 656, 984 P2d 342 (1999), *adh'd to on recons*, 164 Or App 779, 995 P2d 1176 (2000) (concluding that, because PPS commences upon completion of a lawful incarceration term, "[t]he earlier the term of imprisonment ends, the earlier the term of post-supervision both begins and ends," and thus a correct determination of credit for time served "does directly affect the overall length of that sentence, including post-prison supervision" (emphases omitted)). Thus, according to petitioner, both the incarceration term and the PPS term for Count 1 had finished by the time that he was actually released from jail, as more than five years had passed. Moreover, a significant portion of the five-year PPS term on Count 2, which began after the first 18 months of imprisonment, also had been served, and at the time of his resentencing, he had only about 11 months of PPS remaining to be served.

The board remonstrates that there was no error, in essence because the original charges for which petitioner was imprisoned in the county jail were not the offenses for which he was ultimately convicted. The board describes the present case as involving a situation where "petitioner had served more than 18 months of incarceration time under the original judgment" for rape and unlawful sexual penetration offenses, and that his only entitlement to credit for time served would be under ORS 137.370(3), which does not apply in this case because the judgment did not contain all the prerequisite findings set forth in ORS 137.370(3). The board acknowledges, however, that 18 months of the time petitioner spent in the county jail counted toward petitioner's sentence on the first offense because the judgment specified for that offense that "[a]ll time [was] already served," but the board contends that the PPS term started on the date that petitioner was actually released from jail rather than on the date he finished serving the 18-month sentence.

The board further argues that *Baty* does not apply because (1) it concerned only whether the case was moot and did not actually establish that a petitioner would be entitled

to a shortened term of PPS after being incorrectly denied credit for time served; (2) it is limited to situations where a petitioner "ends up with a reduced term of incarceration, [and] the rules in ORS 137.370 governing credit for time served would require a credit against the new sentence for the amount of time the [petitioner] served under the original sentence" (emphasis omitted); and (3) it did not involve a PPS term imposed under ORS 144.103(1).[3] In sum, in the board's view, petitioner was serving sentences for the rape and unlawful sexual penetration offenses with which he was originally charged while in jail. Thus, the board contends that petitioner was entitled to 18 months' credit for time served on Count 1 only because the judgment specified that that amount of time had been served, but that none of his jail time counted toward the PPS term for either count.

To help frame our discussion, we pause to set out the legal principles that are not in dispute. First, the parties agree that petitioner's PPS terms are governed by ORS 144.103(1), which provides that "any person sentenced to a term of imprisonment" for violating specified statutes "shall serve a term of active post-prison supervision that continues until the term of the post-prison supervision, when added to the term of imprisonment served, equals the maximum statutory indeterminate sentence for the violation." The maximum indeterminate sentence for attempted first-degree sexual abuse is five years. ORS 161.605(3); ORS 163.427(2); ORS 161.405(2)(C).[4]

In *State v. Kragt*, 368 Or 577, 495 P3d 1233 (2021), the court described how multiple PPS terms under ORS 144.103(1) are to be determined: The PPS term for each offense is determined separately by subtracting the prison

---

[3] The board does not ask us to revisit the decision in *Baty* or argue that it is plainly wrong. *See generally State v. Civil*, 283 Or App 395, 406, 388 P3d 1185 (2017) (explaining that overruling a prior decision requires a party to establish that the decision was plainly wrong, a "rigorous standard grounded in presumptive fidelity to *stare decisis*"). Rather, in arguing that *Baty* does not apply in this case, the board explicitly notes that it is "not necessary in this proceeding to address whether *Baty* was correctly decided."

[4] Both ORS 163.427 and ORS 161.405 have been amended since the underlying conduct in this case. Or Laws 2021, ch 82, § 7; Or Laws 2019, ch 635, § 15a. Because those amendments do not affect our analysis, we refer to the current versions of the statutes in this opinion.

term for that offense from the indeterminate sentence. *Id.* at 586-95. The court acknowledged that OAR 213-012-0040(1) provides that, where an "offender has been sentenced to multiple terms of post-prison supervision, the terms of post-prison supervision shall be served as a single term." *Kragt*, 368 Or at 589 (emphasis omitted). Thus, although PPS terms for sentences subject to ORS 144.103(1) are each calculated independently, they are—as the parties in this case acknowledge—essentially merged and served concurrently with each other. That is, both parties agree that the PPS term for Count 1 is 42 months (*i.e.*, the 60-month indeterminate sentence minus the 18 months of incarceration specified in the judgment) and the PPS term for Count 2 is 60 months (*i.e.*, the 60-month indeterminate sentence for the offense with no incarceration term to be deducted), combined for a single PPS term of 60 months.[5] The question is when those 60 months began to run.

With that background in mind, we turn to the parties' arguments and begin with a discussion of the sentence on Count 1. The board appears to take the position that the judgment must be read to mean that the time served for which petitioner was entitled to credit was only the term of incarceration, with the PPS terms to commence after petitioner's actual release from jail. The judgment, however, does not actually attempt to make that calculation. *Cf. Nissel v. Pearce*, 307 Or 102, 105-06, 764 P2d 224 (1988) (explaining that it is up to DOC or the county sheriff where a person has been incarcerated to make that computation of credit for time served: "The sentencing judge simply has no authority to order or compute credit for presentence time served."). Thus, the board's argument that its action here in determining the start date for petitioner's PPS term was dictated by the terms of the judgment is unpersuasive.

---

[5] We accept at face value the parties' agreement that the total combined PPS term here should be 60 months. In particular, we note that the judgment can be fairly read to provide that petitioner agreed to that length. As there was no term of imprisonment for Count 2 in the present case, it might have been arguable that ORS 144.103(1) was inapplicable because that statute, by its terms, applies when someone has been sentenced "to a term of imprisonment." However, given that petitioner appears to have agreed to the 60-month PPS term and is not pursuing any such argument, we accept the parties' agreement that a PPS term of 60 months was proper.

        We further disagree with the board's interpreta-
tion of what happened in this case. Petitioner did not serve
his jail time under "the original judgment" for crimes other
than the two counts of attempted first-degree sexual abuse
on which he ultimately was convicted. As recounted in the
*Ramoz* direct appeal cases described above, although peti-
tioner initially was convicted of different sexual offenses, the
appeal was a state's appeal after the trial court's grant of
a new trial. While that appeal was pending, petitioner was
not serving a sentence "under the original judgment" for
rape and unlawful sexual penetration. Importantly, his case
was essentially in a pretrial posture again given the trial
court's grant of a new trial. Thus, we cannot agree with the
board that *Baty* is inapplicable in the present case because
petitioner is seeking credit for time served that was actually
served for different offenses than the ones at issue here.[6]

        Further, on this sparse record, we cannot conclude
that the board's proposed result here is dictated by ORS
137.370(3).[7] That is, we do not know whether petitioner was
recharged and if so, with what he was recharged, and we
do not know the details of his plea agreement beyond the
bare bones in the judgment that there was a plea and the
sentences were based on a "Stipulation of [the] Parties."
Moreover, as for what is in the record, which includes the
original indictment, we do not know how it could have pro-
vided the basis for the board's calculation. Under these cir-
cumstances, the only conclusion that we can draw is that
the facts, as provided by the agency record and our judicial
notice noted above, implicate the rule of law announced in
*Baty* and that petitioner is entitled to credit for time served
in the county jail that counts not only toward his sentence
of imprisonment on Count 1 but also for his PPS on Count 1

_____

    [6] We express no opinion as to whether the board's legal theory on this point
is otherwise sound, given that it is premised on facts not at issue here.

    [7] ORS 137.370(3) provides:

    "When a judgment of conviction is vacated and a new sentence is thereafter
    imposed upon the defendant for the same crime, a lesser included or greater
    inclusive offense of the crime, or any crime constituting a violation of Oregon
    law within the same county designated by the sentencing court in the judgment
    as having been committed as part of the same criminal episode as the crime,
    the period of detention and imprisonment theretofore served shall be deducted
    from the maximum term, and from the minimum, if any, of the new sentence."

as well. *See Williamson v. Schiedler*, 196 Or App 302, 310, 101 P3d 364 (2004) (applying *Baty* and explaining that the petitioner's term of PPS began on the date the petitioner "legally completed his prison sentence" rather than the date he was actually released from prison).

Turning to Count 2, we initially observe that the sentence is potentially problematic because there are no statutes or rules for imposition of a PPS term where there is no incarceration term.[8] However, we have already determined that the PPS term on Count 1 commenced after the first 18 months petitioner spent in the county jail, given the holding in *Baty*, and the parties are in agreement that the combined PPS term is 60 months. We therefore conclude that, because the combined total PPS for both offenses is 60 months, the board was obligated to run that combined PPS term from the date on which petitioner began serving the PPS term on Count 1.

In sum, we conclude that, under the unique circumstances presented here, petitioner's calculation of when his combined 60-month PPS term should begin and end are correct: Petitioner was to serve a 60-month PPS term that commenced after he had served 18 months in the county jail. In most instances involving such incorrect calculations, we would remand to the board to recalculate the PPS term. In this case, however, the date on which petitioner should have completed his PPS term has passed, and we conclude that the proper disposition is simply to reverse and remand to the board for termination of petitioner's PPS.

Reversed and remanded.

---

[8] There are, of course, felony sentences that involve no incarceration terms but do involve supervision. Those sentences, however, are probationary sentences and are governed by different rules not implicated by this case.